

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*Shawn P. Barnes*  *970 Broad Street, 7th floor*  973-645-2700
*Assistant United States Attorney*  *Newark, New Jersey 07102*

March 24, 2022

Hon. Jesse M. Furman
United States District Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

      Re:   <u>Constellation v. West Side Manhattan Real Estate</u>
              Civil Case No. 20-8448 (JMF)

Dear Judge Furman:

     On or about March 26, 2021, the Court granted the Government's application to intervene and stay the above-referenced action for a period of 180 days. On or about September 17, 2021, the Court granted the Government's application to extend the stay for a period of 180 days. At this time, the criminal investigation related to the matter *United States v. Barton Schack*, Crim. No. 21-225 (D.N.J.), and others (the "Criminal Case"), remains ongoing. By way of this letter, the Government respectfully requests that the stay in this matter be extended for an additional period of 180 days or, if within that 180-day period, an indictment is returned relating to the Criminal Case, until the conclusion of the prosecution of the individual(s) charged in such indictment.

     The Government has communicated with Counsel for all parties:

- Counsel for defendant and third-party plaintiff West Side Manhattan Real Estate, LLC has consented to the Government's request.

- Counsel for third-party defendant John H. Hajjar has consented to the Government's request.

- Counsel for third-party defendant Barton Schack has consented to the Government's request.

- Counsel for plaintiff Constellation NewEnergy Inc. ("Constellation") opposes the Government's request, and has filed opposition papers on the docket. (See Docket No. 64).

The Government is not insensitive to Constellation's position – indeed, their matter has been stayed since March 26, 2021 (see Docket No. 59), but the rationale underlying the Government's initial application supports an extension of this stay. More specifically, and as outlined more fully in our March 25, 2021 submission, there is considerable overlap between the facts involved in this matter and the Criminal Case. Allowing the instant matter to proceed would certainly result in significant litigation with respect to discovery issues and privilege-claims. Additionally, there are significant public policy interests in the criminal investigation proceeding without unnecessary interference.

In support of their opposition, Constellation points to a bankruptcy case involving John Hajjar and notes that the Government has not sought to intervene in that matter and therefore the instant matter "should not be treated any differently." This argument, however, is factually incomplete. Intervention involves a fact-specific inquiry. In determining whether to intervene, the Government attempts to discern the level to which the matter in question overlaps with the respective criminal case. For example, will the matter involve much of the same discovery? Will the matter involve many of the same witnesses? And most importantly, will allowing the matter to proceed negatively affect or impair the Government's interests in investigating and prosecuting the respective criminal case.

In total, the Government has intervened in three separate matters, including the present case, because of their significant factual overlap with the Criminal Case. The other matters are: Peterson v. Hajjar, et al., Docket No. ESX-L-003415-20, which is pending before Judge Keith Lynott, J.S.C. in New Jersey Superior Court – Essex Vicinage; and Constellation v. Hajjar, Civ. Case No. 20-CV-6430 (CCC) (ESK), which is pending before the Honorable Claire C. Cecchi, U.S.D.J. in the District of New Jersey.

The Government notes that Constellation initially consented to our application to intervene and stay this matter for a period of 180 days (see Docket No. 57), and our application for an extension of this stay for a period of 180 days (see Docket No. 60). In consenting to the Government's applications, Constellation implicitly acknowledged the significant overlap between these matters. While the Government certainly acknowledges the inconvenience that our intervention has visited upon Constellation, that inconvenience does not outweigh the public's interest in the investigation and prosecution of the criminal laws. Moreover, Constellation's interests appear to be purely monetary, which can be adequately preserved.

Finally, the Government notes that we have endeavored to expedite the Criminal Case and we will continue our attempts to bring the Criminal Case to a resolution, which would allow the instant matter to proceed.

As such, the Government respectfully requests that the previously imposed stay in this case be extended for a period of 180 days or, if within that 180-day period, an indictment is returned relating to the Criminal Case, until the conclusion of the prosecution of the individual(s) charged in such indictment.

Application GRANTED. By September 21, 2022, the Government shall file a letter stating whether it continues to seek a stay and the current status of the criminal investigation. If the criminal investigation ends without an indictment prior to that date, the Government shall promptly inform the Court. The Clerk of Court is directed to terminate ECF No. 65. SO ORDERED.

March 25, 2022

Respectfully submitted,

PHILIP R. SELLINGER
United States Attorney

By: SHAWN P. BARNES
Assistant U.S. Attorney

cc. Scott Ellis, Esq. (counsel for Constellation)
Thomas A. Gentile. Esq. (counsel for West Side)
Brent Culpepper, Esq. (counsel for Barton Schack)
Anthony Mahajan, Esq. (counsel for John Hajjar, M.D. and Regent)